BERNABÉ VALENTÍN, ETC., Plaintiff and Appellant, v.
FIDENCIO JAIME ET AL., Defendants and Appellees.

No. 231. Decided December 13, 1962.

*Faustino R. Aponte* for appellant. *J. B. Fernández Badillo,*
*Solicitor General,* and *Arturo Estrella, Assistant Solicitor*
*General,* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of
Division, Mr. Justice Hernández Matos, and Mr. Justice
Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On August 23, 1956, during the construction of a
certain public work there occurred an accident as a result of
which Samuel Valentín, a minor 13 years of age, was injured,
for which the Commonwealth of Puerto Rico and its master
builder Fidencio Jaime could perhaps be held responsible.
The complaint in the minor's name was filed by his father on
June 4, 1958, approximately two years after the occurrence
of the accident. The Commonwealth of Puerto Rico sought
dismissal alleging that the action had prescribed, and the
trial court dismissed the action on the ground that it was
evident that "the complaint was filed long after the year
during which the cause of action could have been exercised"
and that the complaint was not susceptible of amendment.

Such conclusion, in an action involving a minor, is erroneous: *Márquez* v. *Superior Court*, 85 P.R.R. 536, 539 (Rigau, 1962).

Reconsideration having been sought under the authority of § 40 of the Code of Civil Procedure which provides: "If a person entitled to bring an action, other than for the recovery of real property, be at the time the cause of action accrued, either: within the age of majority ... the time of such disability is not a part of the time limited for the commencement of the action," it seems that the trial court was agreeable to reconsider its judgment, but since a writ for review had been issued by this Court before taking action in this connection, the case is before us and the Commonwealth of Puerto Rico is actually the appellant.

In this review the Commonwealth of Puerto Rico alleges that at the time of the occurrence of the acts on which the complaint is based—August 23, 1956—the Act in force was No. 104 of June 29, 1955 (Sess. Laws, p. 550), which authorizes claims and suits against the Commonwealth and amends § 1803 of the Civil Code in the sense that the Commonwealth is liable for the damages caused by those persons for whom it answers under the same circumstances and conditions as those under which a private citizen would be liable, repeals Act No. 76 of April 13, 1916, provides for the effectiveness of pending cases, etc., § 8 of which also provides: "The statute of limitation governing under the laws applicable shall prevail for the actions herein authorized. A judgment against the Commonwealth shall in no case include payment of interest for any period prior to the judgment or grant punitive damages. The levying of costs shall be governed by the regular procedure. *The provisions of this act shall be applicable only to causes of action arising after it takes effect.* The Commonwealth may, with the approval of the Court, compromise any claim against it once the action has been instituted." (Italics ours.)

Section 8 of Act No. 104 of June 29, 1955 was amended by Act No. 30 of June 11, 1957 (Sess. Laws, p. 59), which provides: "The statute of limitation governing under the laws applicable shall prevail for the actions herein authorized. A judgment against the Commonwealth shall in no case include payment of interest for any period prior to the judgment or grant punitive damages. The levying of costs shall be governed by the regular procedure. The Commonwealth may, with the approval of the Court, compromise any claim against it once the action has been instituted."

"The provisions of this Act shall apply only to causes of action arising on and after June 29, 1954. Complaints based on facts that took place between June 29, 1954 and June 28, 1955 shall be filed on or before June 30, 1958, without prejudice to the provisions of section 40 of the Code of Civil Procedure of Puerto Rico. The judicial proceedings already commenced based on such facts shall continue to be processed to the end according to the legislation in force on the date of the filing thereof."

The interpretation placed by the Commonwealth of Puerto Rico on the latter amendment is as follows: "The provision of the Act is clear in the sense that § 40 of the Code of Civil Procedure of Puerto Rico relied on by petitioner is expressly applicable only to actions against the Commonwealth when the complaints against the latter are based 'on facts that took place between June 29, 1954 and June 28, 1955.' The facts on which petitioner bases his claim having occurred on August 23, 1956, his claim based on the exceptional provision of the paragraph added to § 8 of Act No. 104 by Act No. 30 of June 11, 1957, which provides for the interruption of prescription against the Commonwealth pursuant to the provisions of § 40 of the Code of Civil Procedure, is frivolous."

The problem created by Act No. 104 of June 29, 1955 in repealing Act No. 76 of April 13, 1916, except as to pending judicial proceedings—§ 11—was to abolish any authority

to sue the Commonwealth, even in the limited manner authorized by Act No. 76 *supra* of April 13, 1916. This rendered defenseless the causes of action arising between June 29, 1954 and June 28, 1955 which were not already filed in court, since as of June 29, 1955 there governed Act No. 104, the provisions of which authorized actions against the Commonwealth arising subsequent to its effectiveness, namely, June 29, 1955, but it did not authorize actions arising prior to the effective date unless they were already filed in court.

The Declaration of Policy of Act No. 30 of June 11, 1957 is clear in this sense. It reads: "Act No. 104 of June 29, 1955 provides in its section 8 that *it shall be applicable only to causes of action arising after it takes effect,* which leaves out of its scope cases that occurred relatively near the date of approval of said act, while, pursuant to the provisions of the Civil Code, the aggrieved party always has a given period to bring the proper action. (P) The Legislature wishes to extend the provisions of the aforesaid act not only to causes of action arising after it took effect, but also to events that occurred during the year prior to that date. This authorization is evidently more equitable than the granting of special authorizations in particular cases." (Italics ours.)

There is no question that the remedial norm which § 40 of the Code of Civil Procedure represents, extending the prescriptive period of actions by minors until they attain majority, is comprised in the first provision of § 8 of Act No. 104 of June 29, 1955, which reads: "The statute of limitation governing under the laws applicable shall prevail for the actions herein authorized." As we know, § 40 is not a floating structure in our law, the product of inadvertence, without rationale, among the remedial provisions of our civil system, but it filled the gap left by the elimination of the second provision (italics) of § 1932 of the Spanish Civil Code (our § 1832), which provided: "The extinguishment of rights and actions by prescription upon the expiration of the periods

fixed by law shall operate against all persons, including legal entities. (P) *Persons incapacitated to manage their property shall have a right of action against their legal representatives if the negligence of the latter has been the cause of the prescription."* (Italics ours.)

If we examine the amendment to § 8 of Act No. 104 made by Act No. 30 of June 11, 1957, it may be clearly seen that the purpose is "to authorize certain additional claims and suits against the Commonwealth"—according to its title—during a period not covered by Act No. 104 but rather impeded by the express repeal of the Act of 1916, and in this connection it is a transitory provision to cover a definite period of time which in no way alters the legislative contents of Act No. 104. The express inclusion of § 40 of the Code of Civil Procedure of Puerto Rico in Act No. 30 of June 11, 1957, which amends Act No. 104 as to the definite additional period, is due to the fact that if it had not been made, the group of cases which could have trascended the period covered by the amendment, such as the actions for damages arising during minority, would have been excluded.

 There is no question that as to actions between private citizens, § 40 of the Code of Civil Procedure became effective since 1904—*Ibáñez* v. *Diviñó*, 22 P.R.R. 484, 486–87 (Aldrey, 1915). There is no question that as to actions by private citizens it is still in force—*Márquez* v. *Superior Court, supra.* Incidentally, the purpose sought by the amendment to § 1803 on the duty to answer for damages caused by persons for whom they should be responsible contained in § 10 of Act No. 104, was to equate the Commonwealth's liability with that of a private citizen. The letter of the Act is clear: "The Commonwealth is liable in this sense under the same circumstances and conditions as those under which a private citizen would be liable."

This being so, it is unquestionable that the trial court erred in dismissing the complaint against the Commonwealth on the ground that it has prescribed.